The Honorable Ben Allen State Senator P. O. Box 2635 Little Rock, Arkansas 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding physicians' receipt of income from a limited partnership formed for the purpose of acquiring a rehabilitation hospital or an interest therein.
You note that a portion of the distributions to the physician partners would be based upon increases in the private/commercial net revenues of the hospital. And you ask, specifically, whether any state laws, decisions or opinions exist which would prevent the physicians from receiving a share of partnership income or subject any party to other prohibitions or liabilities pertaining to fraud, abuse and/or fee splitting between physicians and entities in which they own an interest.
There appear to be no explicit limitations on a physician's receipt of income from an entity in which he or she owns an interest. As a general matter, furthermore, neither Ark. Stat. Ann. 70-307 (Repl. 1979) nor Ark. Stat. Ann. 72-613(m) (Supp. 1985) appear to apply in this instance.
Section 70-307 prohibits "[t]he secret payment or allowance of rebates, refunds, commissions, or unearned discounts whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor. . . ." Although there is no Arkansas case law on point, it seems reasonable to conclude that this prohibition does not apply to the arrangement in question since the partnership distributions do not constitute "rebates, refunds, commissions, or unearned discounts." Another valid point of distinction may be based upon the fact that the distributions are not triggered by the sale of a specific product or item. See Ideal Plumb[l]ing Company v. Benco, Inc., 259 F.2d 972 (8th Cir. 1976). Rather they are derived from net revenues of the entity in which the physicians have invested.
It may also be noted that the Arkansas Supreme Court has rejected a claim under 70-307 where, although the rebate or commission received by one purchaser was greater than that received by other customers, there was a basis for the discrimination. See Baratti v. Koser Gin Co., 206 Ark. 813, 177 S.W.2d 750 (1944). The purchaser in that case bought more of the product than anyone else and had also solicited business for the defendant company. Assuming, therefore, that the physicians in question may be likened to "purchasers" for purposes of 70-307, it may be successfully argued that the physicians' investment in the hospital offers a compelling basis for their receipt of partnership income.
Section 72-613(m), as amended by Acts 708 and 876 of 1981, sets forth various acts or offenses constituting "unprofessional conduct" and subjecting a license holder to revocation or suspension of an existing license. The words "unprofessional conduct" are declared to mean, inter alia, the following:
 (m) soliciting for patronage, or advertising for patronage in a false, fraudulent, deceptive or misleading manner, advertising the quality of medical services and advertising illegal procedures and practices.
There is no Arkansas case law construing this provision, nor are there any administrative regulations or other statutory enactments offering guidance in this area. One could conceivably argue that the physicians act contrary to 72-613(m) in referring patients to the hospital without disclosing the ownership interest. This would, in my opinion, require a broad reading of this prohibition. I cannot, however, provide a definitive answer since there is no authority on this subject.
Of perhaps more concern is the prohibition against "advertising the quality of medical services." This limitation is relatively clear and would presumably apply to the physician partners, and perhaps to the hospital as well insofar as its advertising would arguably inure to the benefit of and be disseminated on behalf of the partners.
We hope that the foregoing is of assistance. The Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979) to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elizabeth A. Walker.